J-S20029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY LAMONT WALLACE | |
| Appellant | No. 2840 EDA 2018 |

Appeal from the PCRA Order Entered September 7, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0008880-2004

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY STABILE, J.: **FILED OCTOBER 15, 2020**

Appellant, Perry Lamont Wallace, appeals *pro se* from the September 7, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

This appeal arises from the latest of many petitions Appellant has filed seeking collateral relief. We begin with a condensed account of the procedural history. The trial court, sitting as factfinder, found Appellant guilty of rape and numerous related offenses at the conclusion of a May 11, 2005 trial. The victim was Appellant's daughter, who was fifteen years old at the time of the offenses. The trial court imposed three to six years of incarceration followed by twenty years of probation. On September 28, 2010, the first day after his release from prison, Appellant tested positive for cocaine. On September 9, 2011, after the completion of revocation proceedings, the trial court imposed

four to eight years of incarceration followed by ten years of probation. This Court affirmed that sentence on May 9, 2012. **Commonwealth v. Wallace**, 2782 EDA 2011 (Pa. Super. May 9, 2012) (unpublished memorandum).

Appellant filed a timely first PCRA petition on August 17, 2012. The trial court dismissed the petition by order of September 20, 2013. Appellant eventually received permission to file a *nunc pro tunc* direct appeal of that order and this Court affirmed on November 23, 2015. Our Supreme Court denied allowance of appeal on June 15, 2016.

On August 17, 2016, Appellant filed for a writ of *habeas corpus*, for which he eventually sought leave to file original process in our Supreme Court. By order of December 16, 2016, the Supreme Court entered an order granting his petition for leave to file original process and denying his petition for a writ of *habeas corpus.*

Appellant followed with a series of petitions and applications for relief, beginning with a second PCRA petition filed on January 11, 2017. The PCRA court construed all of these filings as Appellant's litigation of his second PCRA petition, and entered a final order of dismissal on April 22, 2018. Appellant did not appeal.

On May 25, 2018, Appellant filed a "petition for relief," which the PCRA court construed as his third PCRA petition. On July 30, 2018, the PCRA court entered its notice of intent to dismiss without a hearing based on Appellant's failure to meet the PCRA's jurisdictional time bar. 42 Pa.C.S.A. § 9545(b)(1)

("Any petition under this subchapter , including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final [….]"). Appellant responded to the notice, alleging newly discovered evidence in accord with 42 Pa.C.S.A. §§ 9545(b)(1)(ii).[1] The PCRA court entered the order on appeal on September 7, 2018, and Appellant filed a timely notice of appeal.

On review, we must determine whether the record supports the PCRA court's findings and whether its order is free of legal error. **Commonwealth v. Grant**, 992 A.2d 152, 156 (Pa. Super. 2010). The instant petition was facially untimely, having been filed more than five years after his judgment of sentence became final. In his *pro se* brief to this Court, Appellant fails to argue for the applicability of any of the PCRA court's timeliness provisions. Rather, he challenges the validity of his original and revocation sentences. Appellant's *Pro Se* Brief at 4. Without a timely petition, the PCRA court lacked jurisdiction to address those issues. Because Appellant has failed to establish any legal error in the PCRA court's order, we affirm.

Order affirmed.

_____

[1] The one-year time bar will not bar a petition if the petitioner pleads and proves it is based on facts that were unknown to the petitioner and which could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/15/2020*